IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WAYNE L. COX, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 5:8-CV-286-HL-GMF |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.¹ *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

¹ Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.     Whether the ALJ erred by failing to assign proper weight to the treating physician's opinion.**

**II.    Whether the ALJ properly evaluated Claimant's subjective complaints.**

**Administrative Proceedings**

Claimant filed for disability benefits on or about July 26, 2005. (T-17). Claimant's application was denied initially and on reconsideration. (T-44-53). Claimant then filed a request for a hearing before an ALJ, which was held on March 28, 2007, in Macon, Georgia. (T-34-40, 503-34). Subsequent to the hearing, the ALJ found that Claimant was not disabled in a decision dated July 30, 2007. (T-17-29). The Appeals Council denied Claimant's requested review of the ALJ's findings. (T-10-13). Thereafter, the Appeals Counsel set aside this earlier action and considered additional evidence presented by Claimant but ultimately found no reason to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T-6-9).

**Statement of Facts and Evidence**

Claimant alleges a disability beginning July 9, 2005. (T-17). After examining the medical records, the ALJ determined that Claimant suffers from hypertension, a history of heart palpitations, osteoarthritis (lumbar degenerative disc disease), chronic obstructive pulmonary disease (COPD), bipolar disorder, obstructive sleep apnea, and hyperglycemia/Type II diabetes mellitus, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T-19). After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to:

> perform work activity that requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. The claimant is able to sit up to about 6 hours and stand and walk at least 2 hours in an 8-hour workday. Due to the claimant's COPD and hypertension, he should avoid extreme heat and exposure to fumes, odors, dusts, gases, and poor ventilation. The claimant can only occasionally climb ramps/stairs and should never climb ladders/ropes/scaffolds. Other postures are not significantly restricted. He is capable of performing simple, repetitive tasks with incidental public contact.

(T-21). While the ALJ found Claimant unable to perform any past relevant work (T-26), the ALJ found, based on the testimony of the vocational expert (VE), that jobs existed in significant numbers in the national economy that Claimant could perform, including table worker, patcher, and stuffer. (T-27). Accordingly, the ALJ issued a finding of "not disabled." (T-28).

## DISCUSSION

**I.  Did the ALJ err by failing to assign proper weight to the treating physician's opinion?**

Claimant argues that the ALJ erred by failing to assign proper weight to the opinion of Dr. Ungariono, a treating physician. (R-11, p. 6-7). He further contends that the ALJ erroneously determined that Claimant's application for a disabled parking permit, completed by Dr. McDonald, was not supported by objective evidence of incapacity for walking. *Id.*

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not

accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). To give a medical opinion controlling weight, the ALJ "must find that the treating source's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id*.

The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon the following factors: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. § 416.927(d).

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a); *see* SSR 96-5p. An ALJ is not required to give significance to opinions of any

medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he finds the claimant disabled or that the claimant's impairments meet or equal any relevant listing. 20 C.F.R. § 416.927(e)(1), (2)& (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability." 20 C.F.R. § 404.1527(e); *see* SSR 96-5p.

Here, the ALJ afforded little weight to Dr. Ungariono's opinion that, in part, Claimant was not capable of any work activity. (T-24, 26). Under the authority stated above, Dr. Ungariono's statement is more like a determination of disability, an issue reserved for the Commissioner, than a medical opinion. Further, Claimant's contention that Dr. Ungariono qualifies as a treating physician is questionable. As discussed above, the weight afforded to a medical opinion depends in part upon the length of the treatment relationship and the frequency of examination. The ALJ notes that "the records fail to show the claimant was seen by Dr. Ungariono over a period of time sufficient to develop a comprehensive assessment of his condition." (T-26). This reasoning supports the ALJ's decision diminish the weight afforded to Dr. Ungariono's opinion.

Even if the court construes Dr. Ungariono's statements as medical opinion from a treating physician, it is found that the ALJ properly discounted the opinion. In support of his decision, the ALJ states:

> The complete medical record does not support this conclusory and incomplete statement. While Dr. Ungari[o]no offered more information tha[n] did Dr. Jones, his opinion was not based on a comprehensive personal experience with the claimant and there are numerous contradictory facts in the case record. Physician recontact is not necessary because other evidence supports my decision of the claimant's limited but sustainable work capacity.

(T-24). This reasoning constitutes good cause, and no error is found.

Regarding Claimant's contention that the ALJ erroneously evaluated Claimant's application for a disabled parking permit, no error is found. As noted above, the court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner. As such, the ALJ properly afforded weight to the opinions of the state agency consultant and the self-reported capability of Claimant to drive, walk around his yard, and sustain other activities consistent with light work. (T-26). Claimant has failed to carry his burden of proving that he is disabled, and substantial evidence supports the ALJ's decision.

**II.    Did the ALJ properly evaluate Claimant's subjective complaints?**

Claimant argues that the ALJ erred by discrediting Claimant's subjective complaints about his alleged impairments. (R-11, p. 8-10). 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the

8

> intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Moreover, the mere existence of impairments does not establish disability; instead, the ALJ must determine how a claimant's impairments limit his ability to work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

Regarding credibility, Social Security Regulation 96-7p reads:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id*. (quotations and citations omitted).

Although the evidence Claimant cites in his brief favors his own credibility, it is

within the province of the ALJ to weigh the evidence and discredit Claimant's subjective allegations where the ALJ clearly articulates adequate reasons for doing so. Here, the ALJ states, "After considering the evidence of record, I find the Claimant's medically determinable impairments could reasonably be expected to produce some degree of the alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (T-25). The ALJ goes on to note that the record reveals normal chest x-rays and stress tests, Claimant's bipolar disorder and anxiety symptoms have been controlled with medications, the record reflects no extreme readings of hypertension or diabetes, Claimant is capable of some activities including driving and yard work, Lithium controls Claimant's agitation, and Claimant reported good results from steroid injections for his back pain. (T-25-26). The ALJ also notes that the alleged side effects of Claimant's medication as well as daytime sleepiness are not significantly restrictive. (T-26). Moreover, the ALJ acknowledged Claimant's limitations in his lengthy RFC. Claimant has failed to carry his burden of proving that he is unable to perform even the reduced range of work identified by the VE. The ALJ's credibility determination is supported by substantial evidence, and no error is found.

Regarding Claimant's contention that the ALJ improperly opined that Claimant's condition would improve if he used the CPAP as directed where Claimant could not afford necessary parts for the CPAP, Claimant is correct in noting that the ALJ may not penalize him for not obtaining treatment he could not afford. (R-11, p. 9-10). The Eleventh Circuit has ruled that noncompliance does not prevent a claimant from receiving benefits where

noncompliance is the result of inability to afford treatment. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). Even if the ALJ relied on Claimant's failure to use the CPAP as a reason for discounting Claimant's credibility, the ALJ cited other, ample reasons in support of his decision. Therefore, remanding this case for review of the issue would likely not change the ALJ's ultimate conclusions and would, therefore, be futile. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997); *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *see also Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) ("a remand is not essential if it will amount to no more than an empty exercise"); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

## CONCLUSION

Based on the evidence presented, no basis is found for Claimant's contention that the ALJ committed error. The record fails to reveal any evidence that the ALJ acted outside of his judicial role in determining the extent of Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 13th day of April, 2009.

                                              S/ G. MALLON FAIRCLOTH
                                              UNITED STATES MAGISTRATE JUDGE

lml